IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOUGLAS WILLIFORD, JR.,              )
                                     )
       Plaintiff,                    )
                                     )     CIVIL ACTION FILE
v.                                   )
                                     )     NUMBER 1:13-cv-2916 -TCB
CITIMORTGAGE, INC., et al.           )
                                     )
       Defendants.                   )

O R D E R

This case comes before the Court on Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss [4].

I.   Background

This is a foreclosure case. Plaintiff Douglas Williford purchased a piece of residential property in January 2008. In connection with his purchase, he borrowed $300,000 from and executed a promissory note in favor of Opteum Mortgage, which was a division of Metrocities Mortgage, LLC. He also executed a security deed in favor of Opteum that granted legal title to Mortgage Electronic Registration Systems "as nominee" for

Opteum.  In August 2011, MERS assigned its interest to CitiMortgage, Inc. Williford eventually failed to make payments on the note and Citi began foreclosure proceedings.  Citi retained a law firm that sent a foreclosure notice to Williford.  The notice identified Citi as the entity with authority to negotiate or modify the loan, and it stated the property would be sold on August 6, 2013.

On August 2, Williford filed this case in the Superior Court of Cobb County, Georgia and sought a temporary restraining order to prevent the foreclosure sale from going forward.  On August 5, the superior court denied the TRO, and the property was sold as scheduled to a third party.  After the sale, Citi and MERS removed the case to this Court on the basis of diversity jurisdiction.  Citi and MERS now move to dismiss for failure to state a claim.  FED. R. CIV. P. 12(b)(6).

II.   Discussion

    A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

In considering a defendant's motion to dismiss under Rule 12(b)(6), the allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff.  *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011).  But the court need not accept the plaintiff's legal conclusions, nor must it accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and . . . determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

B.  Analysis

Williford requests three separate forms of equitable relief: an injunction of Citi's foreclosure sale, a declaratory judgment that Citi has no interest and cannot foreclose, and quiet title. Each claim is barred, either because he cannot obtain equitable relief as to a past event or because he has failed to tender the mortgage debt owed. Even if his equitable claims were not barred, they would still fail because he does not state a plausible substantive claim for relief.

1.  Injunction of Foreclosure Sale

The Court cannot enjoin Citi's foreclosure sale as it has already occurred. Before removal, the superior court denied a TRO. Citi then foreclosed and sold the property. The Court cannot enjoin an event that has already occurred. *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 864 n.1 (11th Cir. 2011) ("[Plaintiff] also sought to enjoin the foreclosure proceedings, but that claim is moot because by the time [plaintiff] filed suit [the] Bank had already held the nonjudicial foreclosure sale and sold [his] property."); *Cotton v. First Nat'l Bank of Gwinnett Cnty.*, 220 S.E.2d 132, 132-33 (Ga. 1975) (refusing to consider whether denial of a TRO was proper because the foreclosure sale went forward,

4

mooting the issue). Williford's first claim, for an injunction of Citi's foreclosure sale, is DISMISSED WITH PREJUDICE.

### 2. Declaratory Judgment

Similarly, the Court cannot issue a declaratory judgment stating Citi cannot foreclose, as it has already done so. A claim for declaratory judgment will survive a motion to dismiss only if the plaintiff seeks guidance about *future* conduct. *Carroll v. Bank of Am., N.A.*, No. 1:12-cv-2506-RWS, 2013 WL 1320755, at *6 (N.D. Ga. Mar. 28, 2013); *Henderson v. Alverson*, 123 S.E.2d 721, 721-22 (Ga. 1962). Williford wants a declaration about *past* conduct. The Court cannot oblige. His second claim, for declaratory relief, is DISMISSED WITH PREJUDICE.

### 3. Quiet Title

The Court cannot entertain a quiet title claim under O.C.G.A. § 23-3-40 because Williford does not have title to the property. To assert a quiet title claim, a plaintiff must allege "that he holds some current record title" in the subject property. *Cunningham v. Gage*, 686 S.E.2d 800, 802 (Ga. Ct. App. 2009). Executing a security deed transfers title from borrower to lender or lender's nominee. *See McCarter v. Bankers Trust*

*Co.*, 543 S.E.2d 755, 757 (Ga. Ct. App. 2000). The borrower only recovers legal title when he tenders the underlying debt. Williford transferred his title when he executed the security deed in favor of MERS. *See* [1] Exh. C to Exh. A at 3 ("Borrower does hereby grant and convey to MERS . . . the following described property . . . ."). [1] Williford does not allege he ever tendered the outstanding mortgage debt, so he does not have legal title to the property and lacks standing to assert a quiet title claim. *Thomas v. Stedham*, 68 S.E.2d 560, 562 (Ga. 1952); *compare Shirley v. Shirley*, 72 S.E.2d 719, 719 (Ga. 1952) (holding grantor of a deed to secure debt could bring a quiet title action because he had satisfied the debt); *see also Henderson v. BAC Home Loans Servicing, LP*, No. 1:10-cv-3137-TCB-LTW, 2011 WL 10843391, at *11 (N.D. Ga. June 29, 2011), *report and recommendation adopted at* [17] (N.D. Ga. July 20, 2011) ("Because Plaintiff has not alleged that he has paid his Note in full, he does not hold title for the Property, and he has no legal right to institute quiet title

---

[1] The security deed was attached to plaintiff's complaint and is "central to the plaintiff's claim." *Adamson v. Poorter*, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *see also Atwater v. Nat'l Football League Players Ass'n*, No. 1:06-cv-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007). Accordingly, the Court can consider the security deed without converting Defendants' motion to dismiss to one for summary judgment.

6

proceedings." (citing *Cunningham*, 686 S.E.2d at 802)). His quiet title claim is DISMISSED WITH PREJUDICE.

### 4. Substantive Allegation: Wrongful Foreclosure

Even if Williford's equitable claims were not barred, the Court would still dismiss his case because he states no plausible substantive ground for relief. Williford avers Citi's foreclosure sale was wrongful. But he lacks standing to assert a wrongful foreclosure claim. In any case, he argues wrongful foreclosure on two misguided grounds: first, that Citi did not provide adequate notice as required by Georgia statute; and second, that Citi lacked authority to foreclose because the assignment of the security deed to Citi was void. Each ground is meritless.

#### a. Standing

As an initial matter, Williford lacks standing to assert any cause of action related to the completed foreclosure sale because he has not tendered the amount due under the loan. To "seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan." *Watkins v. Beneficial, HSBC Mortg.*, No. 1:10-cv-1999-TWT-RGV, 2010 WL 4318898, at *5 n.10 (N.D. Ga. Sept. 2, 2010), *report and recommendation adopted at Watkins v.*

*Beneficial*, 2010 WL 4312878, at *1 (N.D. Ga. Oct. 21, 2010); *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005) ("'Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, . . . he must pay or tender to the creditor the amount of principal and interest due.'" (quoting *Coile v. Fin. Co. of Am.*, 146 S.E.2d 304, 305 (Ga. 1965))). Williford does not allege he ever tendered the amount owed under the loan. He lacks standing to object to the foreclosure sale.

        b.     Statutory Notice

Williford argues the foreclosure was wrongful because Citi did not provide adequate notice as required by O.C.G.A. § 44-14-162.2. That provision requires a notice of foreclosure that identifies the "individual or entity who shall have the full authority to negotiate, amend, and modify all terms of the mortgage . . . ." O.C.G.A. § 44-14-162.2(a). Williford argues the notice did not identify the entity with "full authority" to negotiate. The Court disagrees and holds the notice was satisfactory.

The foreclosure notice sent to Williford stated that Citi had "full authority to negotiate, amend or modify the terms of the mortgage loan on behalf of and pursuant to the guidelines of Federal National Mortgage

8

Association." Williford argues that because Citi's negotiating authority was limited by the Fannie Mae guidelines, Citi did not have "full authority" to negotiate; Fannie Mae did. And the notice did not identify Fannie Mae.

This argument is clever on first blush, but ignores an important recent Georgia Supreme Court case. In *You v. JP Morgan Chase Bank*, the court held that a foreclosure notice is proper if it identifies a "servicing agent" of the deed or note holder. 743 S.E.2d 428, 433 (Ga. 2013). Agents necessarily do not have "full authority" to negotiate; they must abide by the strictures set by their principals. But the Court held that identifying an agent satisfies the statutory requirement of identifying the entity with full authority. *Id.*

It is not clear whether Citi or Fannie Mae was the holder of Williford's note or deed. But either way, the notice was sufficient. If Citi was the holder, then it obviously had "full authority" to negotiate, and the notice simply informed Williford that Citi would only negotiate as far as Fannie Mae guidelines allowed. But even if Fannie Mae, rather than Citi, was the holder, it was free to delegate negotiating authority to Citi as its agent. If that was the case, the notice properly identified Citi as its negotiating agent. Explaining that Citi had authority to negotiate only on behalf of and within

the terms set by Fannie Mae was simply stating truisms: an agent acts on behalf of and within the bounds set by its principal.  Here, if Fannie Mae was the holder and Citi its agent, Citi could negotiate only on behalf of Fannie Mae and within the scope of Fannie Mae's guidelines.

Whether Citi was the holder or Fannie Mae the holder and Citi its agent, the foreclosure notice met the requirements of O.C.G.A. § 44-14-162.2(a) as interpreted by *You*.  This wrongful foreclosure argument fails.

### c.   Assignment

Williford also argues the foreclosure was wrongful because the assignment of the security deed to Citi was void.  Williford, upon buying the property, executed a security deed in favor of Opteum Mortgage.  The security deed identified Opteum as a subsidiary of Metrocities Mortgage, LLC.  The security deed granted title of the property to MERS "as nominee" for Opteum.  MERS later assigned the security deed to Citi, which eventually foreclosed and sold the property.

Williford claims that Opteum "is not in fact a real entity" because it is not registered with the Delaware or Georgia secretaries of state.  Because Opteum is not a real entity, Williford argues, MERS could not receive title

to the property "as nominee" for Opteum.  If MERS could not receive title, it could not pass title to Citi, and if Citi did not receive title then it could not foreclose.

This argument fails for a host of reasons.  First, Williford lacks standing to challenge the validity of an assignment between third parties. *Menyah v. BAC Home Loans Servicing, LP*, No. 1:12-cv-228-RWS, 2013 WL 1189498, at *3 (N.D. Ga. Mar. 21, 2013) ("Plaintiff was not a party to the assignment between MERS and Defendant.  Therefore, Plaintiff may not challenge the assignment's validity.")  Second, the factual premise of the argument is patently false.  Williford himself avers that Opteum was a division of Metrocities Mortgage, LLC.  Pet. at ¶ 9.  And the security deed and the promissory note said as much.  If Opteum was a division of Metrocities, as Williford admits, then it was a "real entity," regardless of whether it was registered.  Third, even if Opteum was unregistered, Williford identifies no law preventing unregistered businesses from taking a mortgage, executing a security deed, receiving title and then passing title to MERS as its nominee.  In fact, unregistered foreign entities can foreclose. *See Stubbs v. Bank of Am.*, 844 F. Supp. 2d 1267, 1273 (N.D. Ga. 2012) (dismissing plaintiff's claim for wrongful foreclosure where foreclosing

servicer was an unregistered limited partnership).  Fourth, and finally, this argument is disingenuous.  *See In re Corley*, 447 B.R. 375, 381 (Bankr. S.D. Ga. 2011) (holding that for a litigant "to assert, despite clear contractual language, that MERS is not truly a grantee . . . is disingenuous").  Williford executed a security deed that named Opteum as the grantee.  He accepted $300,000 from Opteum.  He executed a promissory note in favor of Opteum.  If it didn't exist, where did the $300,000 come from? And to whom did Williford grant the security deed and the promissory note?  This argument is fanciful.

## III.   Conclusion

Each of Williford's three equitable claims is barred as a matter of law.  Even if any of his claims could proceed, they would fail because he cannot state a plausible claim for relief based on wrongful foreclosure.  Defendants' motion to dismiss [4] is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.  The Clerk is ORDERED to CLOSE this case.

IT IS SO ORDERED this 22nd day of October, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge